# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class TIMOTHY A. WILSON**
**United States Army, Appellant**

ARMY 20120045

Headquarters, U.S. Army Cadet Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant:  Captain Kristin B. McGrory, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee:  Captain Campbell Warner, JA (on brief).

29 November 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his plea, of one specification of absenting himself from his unit from on or about 28 July 2011 until on or about 22 September 2011, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for forty-five days, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ.  Appellant submitted the case on its merits and raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find that one of appellant's *Grostefon* matters warrants partial relief and we also conclude that imposition of a bad-conduct discharge is inappropriately severe under the circumstances; therefore, we will direct relief in our decretal paragraph.  The nature of the offense in this case, the circumstances surrounding same, appellant's plea of guilty, and the lack of any prior

misconduct, warrant disapproval of the punitive discharge. *See generally United States v. Roukis*, 60 M.J. 925, 931 (Army Ct. Crim. App. 2005).

Here appellant stands convicted of a fifty-six-day absence without leave (AWOL) prompted by a disintegrating domestic situation that culminated with an attempted suicide and hospitalization for several days for treatment of depression. Appellant's initial absence from his unit in Afghanistan was authorized. Upon receipt of a legitimate Red Cross message beckoning his presence in the United States, in late June 2011, appellant returned home on emergency leave to address a child care problem. Because appellant's wife was abusing drugs, child protective services removed their three-month old daughter from her care and placed the child with a non-family member who could no longer take care of the child. As appellant attempted to cope with the difficulty of his wife and establish a family care plan, he suffered the additional discovery that he was not the father of the child concerned. Unable to effectively absorb this blow, his mental health rapidly deteriorated and in this state he failed to return to his unit.

Some thirty-five days into his AWOL, appellant, adrift and continuing to suffer a deteriorating mental state, walked into a local sheriff's office on 1 September 2011, handed the receptionist a suicide note, and immediately slit his wrist along his arm. The local authorities admitted appellant into a civilian mental health clinic. Upon hospitalization, the mental health staff contacted the Army Hospital at Fort Hood, advised Army hospital authorities there that appellant was AWOL and requested transfer of the patient to Fort Hood. Fort Hood responded that there was no room for appellant and requested that he be hospitalized as close to Fort Hood as possible. He remained at the civilian hospital diagnosed as suffering from major depressive disorder with psychotic features and was released eight days later.[*] After his release, appellant attended follow-up mental health appointments with a civilian provider, disposed of his mother's remains (the record offers no further explanation), and hired an attorney to begin divorce proceedings with his wife. Appellant then voluntarily returned to Fort Knox on 22 September 2011.

The government's case in aggravation consisted of the circumstance of absence from Afghanistan and testimony to the effect that his absence further reduced an undermanned unit by one. Despite this fact, the record rather

---

[*] We agree with appellant that Defense Exhibit A created a sufficient inconsistency with appellant's plea of being absent without leave between 1-8 September 2011. The military judge failed to resolve this apparent inconsistency, which warrants disapproval of that part of judge's finding in our decretal paragraph. *See United States v. Scott*, 59 M.J. 718, 722–23 (Army Ct. Crim. App. 2004) (recognizing that the court can "divide one longer period of absence in an AWOL specification into two or more separate, shorter AWOLs under that same single specification."). Inconsistency or no, we consider the bad-conduct discharge inappropriately severe.

convincingly establishes the potential harm and folly of returning appellant to Afghanistan in his diagnosed condition.

There is no evidence of any prior misconduct and no evidence that appellant otherwise shirked duty. To the contrary, appellant earned the combat infantry badge early during his unit's deployment and appellant's fellow infantrymen verified that appellant never hesitated to engage the enemy when needed.

In light of his plea, the relative brevity of his absence, the extenuating and mitigating circumstances of that absence, and the lack of any prior misconduct, Article 66, UCMJ, permits and justice warrants disapproval of the bad-conduct discharge. *See United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (1982); *Roukis*, 60 M.J. at 931; *United States v. Bauerbach*, 55 M.J. 501, 504–06 (Army Ct. Crim. App. 2001).

After considering the entire record, the court affirms only so much of the finding of guilty of the Specification of The Charge as finds that appellant did, on or about 28 July 2011, without authority, absent himself from his unit, to wit: Alpha Company, 2d Battalion, 2d Infantry Regiment located at COP Bande Sardeh, Afghanistan, and did remain so absent until on or about 1 September 2011; and that appellant did, on or about 9 September 2011, without authority, absent himself from his unit, to wit: Alpha Company, 2d Battalion, 2d Infantry Regiment located at COP Bande Sardeh, Afghanistan, and did remain so absent until on or about 22 September 2011, in violation of Article 86, UCMJ.

Reassessing the sentence on the basis of the error noted, the entire record, our finding that a punitive discharge is inappropriately severe under the circumstances, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for confinement for forty-five days and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge BURTON concurs.

YOB, Senior Judge, dissenting:

I respectfully disagree with my colleagues and conclude that appellant's adjudged and approved sentence is correct in law and fact under Article 66(c), UCMJ. Appellant negotiated a plea agreement with the convening authority that limited the length of his sentence to confinement, but put no limitation on the convening authority's ability to approve an adjudged punitive discharge.

Appellant's sentence should be approved by this court on the basis of the entire record, including aggravating evidence presented at trial that appellant decided to go AWOL at a time when his place of duty was with his fellow soldiers who were deployed in Afghanistan conducting hazardous duties. Aggravating evidence also revealed that at the time appellant chose to go AWOL, his unit was burdened with fulfilling their mission while suffering a significant shortage of personnel. In addition, general deterrence is a recognized factor in fashioning appropriate sentences in the military and considerations of general deterrence particularly apply in this case. *See United States v. Fisher*, 67 M.J. 617, 621 n.3 (Army Ct. Crim. App. 2009) (noting that "general deterrence of those who know of the wrongdoer's crime and the wrongdoer's sentence, from committing the same or similar offenses," is a proper consideration for the sentencing and convening authority).

As such, I would approve the sentence as adjudged by the sentencing authority and approved by the convening authority.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court